IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL ALLEN<br>4662 Secretariat Court<br>Avon, Ohio 44011<br><br>and<br><br>JENNIFER K. ALLEN<br>4662 Secretariat Court<br>Avon, Ohio 44011<br><br>    Plaintiffs,<br><br>v.<br><br>SEAN K. WILLIAMS<br>3639 Countryside Lane<br>Avon, Ohio 44011<br><br>and<br><br>POHIH, INC.<br>c/o McCathern, LLC, Statutory Agent<br>3710 Rawlins Street, Suite 1600<br>Dallas, Texas 75219<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br><br><br><br><br><br>**COMPLAINT**<br><br>Jury Trial Demanded |

## INTRODUCTION

1. This action is being brought by Plaintiffs Paul Allen ("Paul") and Jennifer Allen ("Jennifer") (Plaintiffs referred to herein at times jointly as the "Allens") against Defendants Sean K. Williams ("Williams") and POHIH, Inc. ("POHIH") for: (a) violations of Section 10 of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b) and Rule 10b-5 (17 C.F.R. § 240.10b-5)]; (b) violations of Section 17(a)(1) of the Securities Act of 1933 [15 U.S.C. § 77q(a)(1)]; (c) violations of Sections 17(a)(2) and (3) of the Securities Act of 1933 [15 U.S.C. § 77q(a)(2) and (3)]; (d) violation Section 12 of the Securities Act of 1933 [15 U.S.C. § 77l]; (e) violation of Section 5 of

the Securities Act of 1933 [15 U.S.C. § 77e(a) and (c)]; (f) violation of Section 1707.44 of the Ohio Securities Act; (g) fraud; (h) negligent misrepresentation; (i) unjust enrichment and (j) constructive trust. The facts supporting these claims arise from Williams selling an interest in POHIH to the Allens and for his fraudulent and wrongful conduct relating to that sale.

## JURISDICTION AND VENUE

2. Jurisdiction is proper pursuant to 28 U.S.C §1331, 15 U.S.C. 78aa(a) and 15 U.S.C § 77v(a) as Plaintiffs are bringing claims under Section 10 the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5] and Sections 17, 12 and 5 of the Securities Act of 1933 [15 U.S.C. § 77q(a)(1), 15 U.S.C. § 77q(a)(2) and (3), 15 U.S.C. § 77l, and 15 U.S.C. § 77e(a) and (c)].

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2), 15 U.S.C. 78aa(a) and 15 U.S.C. § 77v(a) as a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Ohio. Plaintiffs and Williams are residents of the Northern District of Ohio and Plaintiffs purchased their one-half share in POHIH from Williams and POHIH in the Northern District of Ohio.

## PARTIES

5. Paul is an individual residing in Avon, Ohio and is Jennifer's husband.

6. Jennifer is an individual residing in Avon, Ohio and is Paul's wife.

7. Williams is an individual residing in Avon, Ohio.

8. POHIH is a Texas corporation organized in April 2018 with its principal place of business in Dallas, Texas.

**GENERAL ALLEGATIONS**

9. Prior to the occurrence of the facts alleged below, Kris Swaffer ("Swaffer") owned and operated automobile dealerships in the State of Michigan.

10. On January 1, 2015, Swaffer formed Macedonian American K North America, LLC ("MAK North America"), a Texas limited liability company. Thereafter on May 18, 2016, Swaffer formed 5 Letters, LLC ("5 Letters"), also a Texas limited liability company. Swaffer's purpose in creating these two companies was to engage in the business of growing, processing, and selling marijuana and marijuana derived products.

11. Williams became involved in Swaffer's marijuana businesses, both as an investor and in assisting in its operations.

12. Prior to his involvement with Swaffer, Williams worked for a trucking company in Avon, Ohio.

13. On April 30, 2018, Swaffer formed POHIH. POHIH was also formed to engage in the business of growing, processing, and selling marijuana and marijuana derived products. POHIH functioned as the U.S. holding company for a foreign entity named 5 Leters DOO Resen ("5 Leters DOO"). 5 Leters DOO operated a marijuana cultivation operation in the country of North Macedonia.

14. Upon the formation of POHIH, Williams actively sought to raise money for the corporation through individual investors by offering and selling to them shares in the corporation..

15. Paul and Jennifer first met Williams and his wife Rhonda in approximately September of 2001. Both couples were members of the same group of friends in Avon, Ohio.

16. In approximately late July 2018, Paul was approached by Williams about investing in POHIH. At that time, Williams stated that several of their mutual friends had already invested

3

in the corporation.

17. Williams advised Paul and Jennifer that the minimum investment in POHIH was $100,000.00 for one share of the corporation. He identified Todd Roman and Nancy Roman, mutual friends of both the Allens and the Williamses, as persons who also wanted to invest in POHIH and suggested that each couple invest $50,000.00 to purchase one share of POHIH, each couple to receive one-half of a share.

18. On August 1, 2018, Williams sent emails to Paul providing him with a copy of the POHIH Bylaws and the POHIH Stockholder Agreement for his review.

19. Later that same month, Williams provided the Allens with purported financials for POHIH for their review.

20. Williams indicated to the Allens that they would have to create a new limited liability company to hold ownership of the Allens' one-half share of POHIH. He referred the Allens to an attorney in Warren, Ohio who had assisted other POHIH investors with the creation of a limited liability company to hold the POHIH stock.

21. On or about September 27, 2018, Williams invited the Allens to his residence for a dinner meeting, the purpose of which was to convince them to invest in POHIH. At this meeting, Williams showed the Allens a slide show which included pictures of POHIH's purported farm in Macedonia as well as pictures of actual marijuana crops. The slide show contained spreadsheets of expected sales numbers and approximate quarterly dividend amounts.

22. At the meeting, Williams knowingly or recklessly made the following false and/or misleading representations to the Allens:

   (a) POHIH was fully licensed and could legally operate in the North Macedonia marijuana industry and could receive any business proceeds from that operation in the United

4

States.

(b) POHIH had already handled all of the federal taxation issues relating to the proposed investment and that any and all dividend payments made to the Allens would have had all taxes already paid prior to deposit and be free and clear of any further taxation due by United States.

(c) POHIH had already contracted with a number of marijuana dispensaries in the United States and that once POHIH was cleared to sell marijuana-related products in the United States and that it would be one of the largest suppliers of cannabis oil in all of the United States.

(d) The Allens' dividend from owning one-half of a share would net them approximately $300,000.00 per quarter.

(e) The Allens would receive one hundred percent (100%) of their initial investment back by January 1, 2019.

(f) Swaffer previously owned and operated automobile dealerships in Michigan with his father but they sold all the dealerships they co-owned when the father decided to retire. Swaffer then used his share of the proceeds from these sales to invest in the marijuana industry.

(g) Swaffer was a business genius who had spent the previous two years learning the cannabis industry inside and out and building relationships within the cannabis industry and that the Allens would be in extremely good hands with Swaffer steering the ship.

23. Williams' wife Rhonda also participated in the sales pitch by promising the Allens that by investing in POHIH they would be able to retire early and that their four children will never need to take a student loan to attend college.

24. Based upon the representations and promises made by Williams at the September 27, 2018 meeting, the Allens made the decision to purchase one-half of a share in POHIH for the sum of $50,000.00.

25. On September 28, 2018, Paul obtained a cashier's check in the amount of $50,000.00 which, pursuant to Williams' instructions, was made out to STRK, LLC ("STRK"). STRK was an Ohio limited liability company that Williams owned and controlled. Paul delivered the check to Williams that same day.

26. The one-half share in POHIH sold to the Allens by Williams and POHIH was a security.

27. No registration statement was ever filed with the SEC or has ever been in effect with respect to any offers and sales of investments in POHIH.

28. Williams failed to inform the Allens at the September 27, 2018 meeting, or at any time thereafter, of the following facts which he was fully knowledgeable of:

(a) There were serious risks associated with an investment in POHIH. Among these were the risk of POHIH being deemed to be in violation of federal laws, which presented serious consequences related to the receipt and taxation in the United States of any proceeds they generated, and the related risk that financial institutions would be unwilling to provide services to marijuana-related businesses due to the illegality of marijuana, all risks that Williams was well aware of at the time of the September 27, 2018 meeting.

(b) POHIH could be found in violation of federal law as a result of its operations in the marijuana industry which would have catastrophic consequences on the corporation's ability to operate.

  (c)  Financial institutions could be unwilling to provide financial services to POHIH based upon federal marijuana laws.

  (d)  Swaffer's automobile dealerships in Michigan had in fact failed, that his home had been foreclosed upon and that Swaffer had significant personal debt related to unpaid business loans extended to the automobile dealerships.

  (e)  Neither Swaffer nor Williams was fully knowledgeable about the marijuana industries in the United States or North Macedonia and did not know, and could not anticipate, how governmental approval of such operations worked or would play out.

  (f)  STRK, LLC had no legal relationship to POHIH and that Williams had sole control over the STRK bank account into which the Allens' investment payment had been deposited.

  (g)  Money raised from investors in POHIH had or would be used as compensation for the corporation's officers or that it would be used to pay for corporation's officers' their own personal expenses.

  29.  Upon information and belief, from at least April 2018 through June 2019, Swaffer, Williams and POHIH offered and sold stock in POHIH in a continuous offering during which time they raised at least $5.8 Million from at least thirty-seven investors in multiple states.[1]

  30.  Upon information and belief, starting in April 2018, Williams began misappropriating POHIH investor funds for his own personal use. This included at least two transfers in August and October 2018 totaling $160,000.00 from the STRK account to other

---

[1] This information and belief are based upon the Complaint filed by the Securities and Exchange Commission against Williams in the matter of *Securities and Exchange Commission v. Kris Swaffer, et al.*, United States District Court for the Northern District of Ohio, Case No. 22-cv-1554 at ¶ 37 of the Complaint.

personal accounts that he controlled.[2]

31. Subsequent to the Allens' investment in POHIH, Williams and POHIH made numerous and repeated written assurance to the investors, including the Allens, that the marijuana operations in North Macedonia would be successful. These representations included repeated assurances that they were close to finalizing sales of large amounts of marijuana related product and distributing profits, that the North Macedonia facility was being improved, that additional lands had been acquired for additional marijuana growth, they were producing a large amount of marijuana product including dried marijuana flower and oil extracted from marijuana, that they were doing everything possible to provide investors with a return on their investment at the earliest time.

32. Despite Williams' and POHIH's promises and assurances, the Allens never received any distributions or return on investments based upon their purchase of the one-half share in POHIH.

33. On September 1, 2022, the Securities and Exchange Commission (the "SEC") brought a lawsuit against Swaffer and Williams in the United States District Court for the Northern District of Ohio captioned as *Securities and Exchange Commission v. Kris Swaffer, et al.*, United States District Court for the Northern District of Ohio, Case No. 1:22-cv-1554. In its Complaint, the SEC alleged that Williams violated securities laws based upon the manner in which he sold shares in POHIH to investors.

34. The Allens were unaware of Williams' and POHIH's improper activity with regard to the sale of the one-half share in POHIH until obtaining a copy of the filing of the SEC action

---

[2] This information and belief are also based upon the upon the Complaint filed by the Securities and Exchange Commission against Williams in the matter of *Securities and Exchange Commission v. Kris Swaffer, et al.*, United States District Court for the Northern District of Ohio, Case No. 22-cv-1554 at ¶¶ 77-81 of the Complaint.

8

against Williams in September 2022.

## FIRST CLAIM FOR RELIEF

### *Violations of Section 10 of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5]*

35. The Allens restate the allegations contained in paragraphs 1 through 34 above.

36. By engaging in the conduct described above, Williams, directly or indirectly, singly or in concert with others, by use of the means or instrumentality of interstate commerce or by the use of the mails, in connection with the sale of securities to the Allens, has: (a) employed devices, schemes and artifices to defraud; (b) made untrue statements of material facts and omitted to state material facts necessary in order to make statements made, in the light of the circumstances under which they were made, not misleading; and/or (c) engaged in acts, practices and courses of business which operated or would have operated as a fraud or deceit upon the Allens as purchasers of securities.

37. All of the misrepresentations and false statements made by Williams to the Allens were material and were relied upon by the Allens in their investment decision.

38. The Allens would not have purchased the securities if they had known of Williams' misrepresentations, false statements, and concealment of facts.

39. Williams intentionally, knowingly, or recklessly engaged in the fraudulent conduct described above.

40. As a direct and proximate result of Williams' actions, the Allens have been damaged in the amount of $50,000.00.

## SECOND CLAIM FOR RELIEF

### *Violations of Section 17(a)(1) of the Securities Act of 1933 [15 U.S.C. § 77q(a)(1)]*

41. The Allens restate the allegations contained in paragraphs 1 through 40 above.

42. By engaging in the conduct described above, Williams, directly or indirectly, singly or in concert with others, in the offer and sale of securities, by use of the means and instruments of transportation and communication in interstate commerce and by use of the mails, has employed devices, schemes or artifices to defraud.

43. Williams intentionally, knowingly, or recklessly engaged in the devices, schemes, and artifices described above.

44. As a direct and proximate result of Williams' actions, the Allens have been damaged in the amount of $50,000.00.

## THIRD CLAIM FOR RELIEF

*Violations of Sections 17(a)(2) and 17(a)(3) of the Securities Act of 1933 [15 U.S.C. § 77q(a)(2) and (3)]*

45. The Allens restate the allegations contained in paragraphs 1 through 445 above.

46. By engaging in the conduct described above, Williams, directly or indirectly, singly or in concert with others, in the offer and sale of securities, by use of the means and instruments of transportation and communication in interstate commerce and by use of the mails, has: (a) obtained money or property by means of untrue statements of material fact or omissions to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (b) engaged in transactions, practices or courses of business which operate or would operate as a fraud or deceit upon the Allens as the purchasers.

47. Williams intentionally, knowingly, recklessly, or at least negligently engaged in the activities described above.

48. As a direct and proximate result of Williams' actions, the Allens have been damaged in the amount of $50,000.00.

## FOURTH CLAIM FOR RELIEF

### *Violation of Section 12 of the Securities Act of 1933 [15 U.S.C. § 77l]*

49. The Allens restate the allegations contained in paragraphs 1 through 48 above.

50. Williams violated Section 12 of the Securities Act of 1933, as amended, 15 U.S.C. §77l, in that he used interstate commerce to engage in fraud and deceit by offering and selling the aforesaid securities to the Allens by means of written materials, including the aforesaid updates, that contained untrue statements of material facts and omitted to state material facts necessary in order to make statements made, in light of the circumstances under which they were made, not misleading.

51. As a direct and proximate result of Williams' actions, the Allens have been damaged in the amount of $50,000.00.

## FIFTH CLAIM FOR RELIEF

### *Violation of Section 5 of the Securities Act of 1933;*
### *Sale of Unregistered Securities [15 U.S.C. § 77e(a) and (c)]*

52. The Allens restate the allegations contained in paragraphs 1 through 51 above.

53. Williams, directly or indirectly, singly or in concert with others, without having any registration statement in effect with respect to the sale of securities of POHIH, (a) made use of the means or transportation or communications or the mails in interstate commerce to sell securities through the use or medium of a prospectus or otherwise, or (b) carried or caused to be carried such securities for the purpose of sale or delivery after sale.

54. Williams, directly or indirectly, singly or in concert with others, without having any registration statement in effect with respect to the sale of securities of POHIH, made use of the means or instrumentalities of transportation or communication or the mails in interstate commerce or the mails in interstate commerce to sell through the use or medium of a prospectus or otherwise securities as to which a registration statement had not been filed as to such securities.

55. By reason of such actions, Williams violated Section 5(a) and 5(c) of the Securities Act of 1933, as amended, 15 U.S.C. §77e(a) and (c).

## SIXTH CLAIM FOR RELIEF

*Violation of Section 1707.44 of the Ohio Securities Act*

56. The Allens restate the allegations contained in paragraphs 1 through 55 above.

57. The Allens were residents of the State of Ohio at the time of their purchase of securities from Williams.

58. Williams directed offers to the Allens within the State of Ohio.

59. In offering and selling the securities to the Allens as set forth above, Williams knowingly made or caused to be made false representations to the Allens concerning material and relevant facts, in oral and written statements, for the purpose of selling securities in Ohio to the Allens, in violation of Ohio Revised Code § 1707.44 (B)(4).

60. In offering and selling the securities to the Allens as set above, Williams knowingly sold, caused to be sold, offered for sale, and caused to be offered for sale, securities that were not exempt under Ohio Revised Code § 1707.02, were not the subject matter of one of the transactions exempted in Ohio Revised Code §§ 1707.03, 1707.04, or 1707.34, were not registered by coordination or qualification, and were not the subject matter of a transaction that was registered by description, in violation of Ohio Revised Code § 1707.44(C)(1).

61. In offering and selling securities to the Allens as aforesaid, Williams knowingly and intentionally engaged in acts and practices that are declared illegal in Ohio Revised Code Chapter 1707, in violation of § 1707.44(G) thereof.

62. In offering and selling securities to the Allens as aforesaid, Williams published and provided to the Allens statements as to the value of said securities and the assets and financial condition of POHIH, Inc., which statements were materially false and know by Williams to be materially false. Williams provided such false statements to the Allens with the purpose to deceive, in violation of Ohio Revised Code § 1707.44(J).

63. The aforesaid sale to the Allens was therefore made by Williams in violation of Chapter 1707 of the Ohio Revised Code as set forth above. Accordingly, if no other relief sought herein is available to the Allens, they hereby tender to Williams all the securities sold to them by Williams in violation of the aforesaid statutory provisions, and elect to void the sales, pursuant to Ohio Revised Code § 1707.43.

64. Williams is liable to the Allens for the full $50,000.00 they paid to him and for all taxable court costs, under Ohio Revised Code § 1707.43.

## SEVENTH CLAIM FOR RELIEF

*Fraud*

65. The Allens restates the allegations contained in paragraphs 1 through 64 above.

66. Williams' misrepresentations and concealment of facts set forth above constitute fraud.

67. As a result of Williams' fraudulent actions, the Allens have been damaged in the amount of $50,000.00.

### EIGHTH CLAIM FOR RELIEF

*Negligent Misrepresentation*

68. The Allens restate the allegations contained in paragraphs 1 through 67 above.

69. Alternatively, Williams' and POHIH's misrepresentations set forth above constitute negligent misrepresentation.

70. As a result of Williams' negligent misrepresentations, the Allens have been damaged in the amount of $50,000.00.

### NINTH CLAIM FOR RELIEF

*Unjust Enrichment*

71. The Allens restate the allegations contained in paragraphs 1 through 70 above.

72. Alternatively, Williams' and POHIH have been unjustly enriched at the expense of the Allens in the amount of $50,000.00.

### TENTH CLAIM FOR RELIEF

*Constructive Trust*

73. The Allens restate the allegations contained in paragraphs 1 through 72 above.

74. Williams obtained the Allens' investment funds through fraudulent misrepresentations, concealment of facts and other wrongful and unconscionable conduct and expended all or a portion of those funds for his own personal benefit.

75. Williams should not be permitted to continue to hold and enjoy the Allens' funds that he expended for such personal benefit.

76. Such funds should be held in constructive trust for the benefit of and return to the Allens.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request this Court to grant judgment in their favor against Williams and POHIH, jointly and severally, as follows:

    A.    Recission of their investment with statutory interest;

    B.    Compensatory damages in the amount of $50,000.00;

    C.    An award of attorneys' fees;

    D.    An award of punitive damages;

    E.    An award of court costs and expenses incurred in bringing this action; and

    F.    Such further legal and equitable relief to which they may be entitled.

Respectfully submitted,

*/s/ Howard T. Lane*
Howard T. Lane, Esq. (#0062251)
FAUVER CO., LPA
409 East Avenue, Suite A
Elyria, Ohio 44035
Telephone: (440) 934-3700
Fax: (440) 934-3708
E-mail: hlane@fauverlegal.com
Attorney for Plaintiffs Paul and Jennifer Allen

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury.

*/s/ Howard T. Lane*
Howard T. Lane, Esq. (#0062251)
Attorney for Plaintiffs Paul and Jennifer Allen